Filed 3/12/24  P. v. Oliver CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098876 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF23-00398) |
| v. | |
| FRANCISCO ANTONIO OLIVER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Francisco Antonio Oliver has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with sexual penetration by a foreign object by force, fear, or menace (Pen. Code, § 289, subd. (a)(1)(A); count I)[1] with a one strike allegation (§ 667.61), torture (§ 206; count II), corporal injury of a spouse (§ 273.5, subd. (a); count III), kidnapping (§ 207, subd. (a); count IV), dissuading a witness (§ 136.1, subd.(b)(1); count V), and criminal threats (§ 422, subd. (a); count VI). The complaint further alleged that in the commission of counts I through III defendant inflicted great bodily injury. (§ 12022.7, subd. (e).) During his plea, defendant stipulated to a factual basis that indicated, among other things, that he had beaten, strangled, and otherwise tortured his wife over a two-day time period while he kept her from leaving the house; his conduct included burning her nipples and genital area with a lit cigarette and inserting the burning cigarette into her vagina.

On February 22, 2023, defendant resolved the case by pleading no contest to counts I and II, admitting the great bodily injury enhancements associated with those counts, and waiving any section 654 issue. In exchange, defendant would receive a stipulated sentence of an aggregate determinate term of eight years in prison (the low term of three years, plus the upper term of five years on the enhancement) for count I, plus a consecutive indeterminate term of seven years to life on count II. Defendant stipulated to the supportive factual basis, that aggravating circumstances existed justifying the imposition of an upper term, and that the trial court could make that determination. The remaining counts and enhancements were dismissed and the one strike allegation stricken.

---

[1] Further undesignated statutory references are to the Penal Code.

On April 26, 2023, defendant indicated he wanted to withdraw his plea, and the trial court appointed defendant a new attorney to investigate. On May 17, 2023, defendant filed a motion to withdraw his plea arguing ineffective assistance of counsel, which the People opposed.

On June 12, 2023, the trial court heard the arguments of counsel, and defendant's original attorney testified. The court denied defendant's motion and sentenced him in accordance with the plea agreement. The court awarded 120 actual days credit, plus 18 days conduct credit for a total of 138 days of custody credit. The court imposed a sex offender registration fine (§ 290.3) plus penalty assessments totaling $1,230; a $10,000 restitution fine (§ 1202.4), a suspended parole revocation restitution fine in the same amount (§ 1202.45), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment fee (§ 1465.8).

Defendant timely appealed, and his request for a certificate of probable cause was granted by the trial court.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed; more than 30 days have passed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would arguably result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Renner, J.

_____/s/_____
Boulware Eurie, J.